JEAN WARN, Respondent, v. ESTHER WARN, Appellant.— Judgment reversed on the law and facts and matter remitted to Special Term for entry of an interlocutory judgment in accordance with the memorandum, without costs of this appeal to either party. Memorandum: In our opinion Special Term correctly found that plaintiff was entitled to an accounting but erred in directing judgment for monetary relief. There was proof upon the trial that plaintiff delivered certain moneys to the defendant, her mother-in-law. Upon demand there was a failure to return the moneys or account therefor. In such event equity may find an implied trust and decree an accounting (*Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215). The judgment appealed from should be reversed upon the law and facts and the action remanded to Special Term for entry of an interlocutory judgment directing defendant to account to plaintiff and for further proceedings in connection with the taking and stating of such account and a determination of the rights of the respective parties. All concur. (Appeal from a judgment of Chautauqua Supreme Court, for plaintiff in an action to compel an accounting as to money in a joint account.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

PRATTSBURG TRADING COMPANY, INC., Appellant, v. LOUIS VANCE et al., Respondents, et al., Defendants.— Order modified in accordance with the memorandum and as modified affirmed, with $10 costs and disbursements to each of the respondents filing briefs. Memorandum: This is the second time that Special Term has determined the complaint to be fatally defective. The first order properly dismissed the original complaint for failure to allege that the chattel mortgages were in default at the time of sale, or that the chattels were in possession of the defendants at the time of demand, or, if default occurred after sale, that a demand was made upon defendants who refused to return the chattels or respond in damages, or that plaintiff did

not consent to the removal of the chattels. The memorandum of the court and all the pleadings on the first motions were given to this court upon the argument of this appeal. The amended complaint is almost identical with the original and the new material in no way corrected the defects clearly pointed out to the appellant in the court's memorandum accompanying the order of dismissal. The motions to dismiss were, therefore, properly granted, but inasmuch as appellant's attorney stated upon the argument that facts existed from which he could plead a good cause of action appellant is granted leave to serve a second amended complaint within 20 days after service of a copy of this order upon its attorney. All concur. (Appeal from an order of Steuben Special Term, granting defendants' motions to dismiss the amended complaint in an action to recover from all defendants the amount due on three chattel mortgages on cows.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.